IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, ) | C/A No. 0:15-2648-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **REPORT AND RECOMMENDATION** |
| Bryant Stirling; Anthony Padula; Larry ) | |
| Cartledge; Florence Mauney; Stephen Claytar; ) | |
| Curtis Earley; Katherine Burgess; Amy Enloe, ) | |
| Jennifer Dean; Micheal Matthews; Felicia ) | |
| Ogunsile; Ryan McCall; James Gardner; ) | |
| Ashley Goodwine; Wantonya Goldtein; Megan ) | |
| Tort; Gregory Barnes; and Rhonda Abston, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Thomas Harley, a self-represented state prisoner, filed a Complaint in the Greenville County Court of Common Pleas raising claims under state and federal law against the defendants. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Harley's motion to remand this case to state court.[1]  (ECF No. 9.)  The defendant filed a response to Harley's motion.  (ECF No. 14.)  Harley also filed a motion for discovery (ECF No. 12) to which the defendants responded (ECF No. 16).  Having reviewed the parties' submissions, the court finds

---

[1] While Harley's motion references a voluntary dismissal of claims, he ultimately seeks remand of all claims raised in this action to state court.

Page 1 of  4



that Harley's motion for remand should be denied. (ECF No. 9.) The court further denies Harley's motion for discovery.[2] (ECF No. 12.)

## DISCUSSION

**A.     Motion to Remand**

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482

---

[2] Harley's motion for discovery asks that the defendants be required to "afford [Plaintiff] their discovery evidence." (ECF No. 12 at 1.) Absent a dispute, the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. In their response in opposition to the motion for discovery, the defendants indicate that they are in receipt of Harley's discovery requests and are in the process of answering them. (ECF No. 16 at 1.) Harley is advised that, if he is dissatisfied with the responses he receives from the defendants, he may then file a motion to compel. See Local Civil Rule 37.01 (D.S.C.).



U.S. 386, 392 (1987). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. Id.

**B.     Harley's Arguments**

Harley's motion to remand this case to state court concedes that this court "has jurisdiction over the action under the provision of 28 U.S.C. § 1331 as several of the Plaintiff['s] causes of action arise under the constitution, laws, or treaties of the United States." (Mot. Remand, ECF No. 9 at 2.) Harley's motion to remand additionally asserts violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Id.) Therefore, as argued by the defendants, this court has jurisdiction over Plaintiff's claims. (Defs.' Resp. Opp'n Mot. Remand, ECF No. 14 at 1-3.) Harley's expressed preference for a state court forum is insufficient to warrant remand. See 28 U.S.C. § 1441. Plaintiff's motion for remand should therefore be denied.

### RECOMMENDATION

Based on the foregoing, the court recommends that Harley's request for a remand be denied. (ECF No. 9.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 3, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).