UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas Harley, | ) | Civil Action No.: 0:15-cv-02648-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryant Stirling, Anthony Padula, Larry | ) | |
| Cartledge, Florence Mauney, Stephen | ) | |
| Claytar, Curtis Earley, Kathrine Burgess, | ) | |
| Amy Enloe, Jennifer Dean, Micheal | ) | |
| Matthews, Felicia Ogunsile, Ryan McCall, | ) | |
| James Gardner, Ashley Goodwine, | ) | |
| Wantonya Goldtein, Megan Tort, Gregory | ) | |
| Barnes, and Rhonda Abston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Thomas Harley, a state prisoner proceeding pro se, initiated this action by filing a complaint in the Court of Common Pleas for Greenville County, South Carolina, asserting claims under federal and state law against the eighteen above named Defendants. *See* ECF No. 1-1. On July 2, 2015, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). *See* ECF No. 1. Harley filed a motion to remand on July 20, 2015, and a motion for discovery on August 3, 2015. *See* ECF Nos. 9 & 12. Defendants filed timely responses in opposition to both motions. *See* ECF Nos. 14 & 16. Plaintiff did not file a reply to either response.

The case is now before the Court for review of the Order and Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina.[1]  *See* ECF No. 20. The Magistrate Judge (1)

---

[1]    The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278

denied Plaintiff's motion for discovery and (2) recommended the Court deny Plaintiff's motion to

remand. *Id.* at 1-3. Plaintiff filed timely objections to the Order and Report and Recommendation. *See*

Pl.'s Objs., ECF No. 23. Defendants filed a timely reply to Plaintiff's objections. *See* ECF No. 24.

## Standard of Review

### I.    Review of the Report and Recommendation

The Court reviews the Magistrate Judge's recommendation that Plaintiff's motion for discovery

be denied pursuant to the following standard. The Magistrate Judge makes only a recommendation to

the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility

to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).

The Court must conduct a de novo review of those portions of the Report and Recommendation to

which specific objections are made, and it may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. §

636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

In the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982). In the absence of specific objections, the Court reviews only for clear error,

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not

give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d

(4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

2

198, 199-200 (4th Cir. 1983).

## II.    Review of Nondispositive Rulings

The Court reviews the Magistrate Judge's order denying Plaintiff's motion for discovery pursuant to the following standard.  Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and issue orders on nondispositive pretrial matters. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).[2] A motion concerning discovery qualifies as a nondispositive pretrial matter. *Cheatham v. Ford Motor Co.*, 64 F.3d 656, 1995 WL 478021, at *5 (4th Cir. 1995) (unpublished table decision); *Burnside v. Kinlaw*, No. 8:00-1175-20AK, 2001 WL 34684732, at *1 (D.S.C. Feb. 16, 2001), *aff'd*, 21 F. App'x 169 (4th Cir. 2001).  Upon a timely objection to a magistrate judge's order on a nondispositive pretrial matter, a district court must conduct its review of the magistrate judge's order pursuant to the "clearly erroneous" or "contrary to law" standard of review set forth in 28 U.S.C. § 636(b)(1)(A).  *Everett v. Prison Health Servs.*, 412 F. App'x 604, 605 n.2 (4th Cir. 2011).

The Court may not modify or set aside the Magistrate Judge's ruling on a nondispositive matter unless the ruling "is 'clearly erroneous or contrary to law.'"  *Reddick v. White*, 456 F. App'x 191, 192 (4th Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(A)).  A ruling "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364,

---

[2]    Rule 72(a) implements section 636(b)(1)(A) and provides,

> A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

395 (1948); *see also Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 379 (4th Cir. 1995). "Although the 'contrary to law' standard permits plenary review of legal conclusions, decisions related to discovery disputes . . . are accorded greater deference." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011) (internal citation omitted). A magistrate judge has broad discretion in resolving nondispositive discovery disputes, and a district court should not overrule the magistrate judge's determination absent an abuse of discretion. *Weber v. Jones*, No. CA 8:12-3349-TMC, 2014 WL 1094418, at *1 (D.S.C. Mar. 18, 2014).

<u>Discussion</u>

## I.    Motion to Remand

The Magistrate Judge recommended that the Court deny Plaintiff's motion to remand. ECF No. 20 at 3. Plaintiff disputes the Magistrate Judge's recommendation and argues this case must be remanded to state court. *See* Pl.'s Objs. at 1-5.

Having conducted a de novo review of the motion to remand, the Court agrees with the Magistrate Judge's analysis and recommendation. Federal district courts have original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. State court defendants may remove a civil action to federal district court if the district court has original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Plaintiff's complaint alleges violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act. *See* ECF No. 1-1 at 25, 27-38. The Court has original subject matter jurisdiction over these claims; thus, removal was proper in this case. The Court overrules Plaintiff's objection and denies his motion to remand.

## II.    Motion for Discovery

Plaintiff also filed a motion for discovery, which the Magistrate Judge denied. *See* ECF Nos. 12 & 20. In his objections, Plaintiff asserts the Magistrate Judge "should not deny my motion for discovery" but presents no further argument. Pl.'s Objs. at 2.

The Court has thoroughly reviewed the record, including Plaintiff's motion for discovery, Defendants' response in opposition, and the Magistrate Judge's order denying the motion. Having done so, the Court finds the Magistrate Judge exercised proper discretion in denying Plaintiff's motion for discovery. The Court affirms the Magistrate Judge's decision because it was neither "clearly erroneous" nor "contrary to law."[3] Fed. R. Civ. P. 72(a).

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's motions, the Magistrate Judge's Order and Report and Recommendation, Plaintiff's objections, Defendants' reply, and Plaintiff's complaint. *See* ECF Nos. 1-1, 9, 12, 20, 23, & 24. Based on the foregoing reasons, the Court overrules Plaintiff's objections and **AFFIRMS AND ADOPTS** the Magistrate Judge's Order and Report and Recommendation [ECF No. 20].

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand [ECF No. 9] is **DENIED**. The Court **REFERS** this matter back to the Magistrate Judge for further handling.

**IT IS SO ORDERED.**

Florence, South Carolina                          s/ R. Bryan Harwell
November 3, 2015                                  R. Bryan Harwell
                                                  United States District Judge

---

[3]     The Court notes its review of the Magistrate Judge's nondispositive order is under the "clearly erroneous or contrary to law" standard, not de novo. 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).