IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, ) | C/A No. 0:15-2648-RBH-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Bryant Stirling; Anthony Padula; Larry Cartledge; Florence Mauney; Stephen Claytar; Curtis Earley; Katherine Burgess; Amy Enloe, Jennifer Dean; Micheal Matthews; Felicia Ogunsile; Ryan McCall; James Gardner; Ashley Goodwine; Wantonya Goldtein; Megan Tort; Gregory Barnes; and Rhonda Abston, ) | |
| Defendants. ) | |

The plaintiff, Thomas Harley, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983.[1] On October 30, 2015, the defendants filed a motion for summary judgment. (ECF No. 28.) By order of this court filed November 2, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 29.)

On November 9, 2015, the plaintiff filed a motion for an extension of time in which to file his response to the defendants' motion for summary judgment. (ECF No. 34.) The court granted in part the plaintiff's motion by docket text order and extended the plaintiff's deadline to February 5, 2016. (ECF No. 35.) The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

---

[1] The defendants removed this action from the Greenville County Court of Common Pleas.



On January 19, 2016, the plaintiff filed a second motion for an extension of time. (ECF No. 40.) The court granted the plaintiff's motion by docket text order and extended plaintiff's deadline to March 1, 2016. (ECF No. 43.) The court informed the plaintiff that no further extensions would be granted absent extraordinary circumstances. The plaintiff was again warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

Despite his multiple extensions of time and notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff has still failed to respond to the motion. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[2]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 588 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 28) be terminated.

---

[2] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.



_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2016
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).